```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIN GRISKIE, LLC,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       15-CV-3192(JS)(AYS)

SAMSUNG,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Christin Griskie, LLC, pro se
                    52 Laurel Hill Road
                    Centerport, NY 11721

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On June 1, 2015, pro se plaintiff Christin Griskie, LLC, ("Plaintiff") filed a Complaint in this Court against Samsung ("Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).[1]

---

[1] The Court notes that Plaintiff has commenced four separate actions against different defendants within a week's time and the in forma pauperis applications submitted in each action report

BACKGROUND[2]

Plaintiff alleges a violation of her "9ʰ Ammendment [sic] Right" in connection with the "multiple incidences" since October 2014 of monitoring by Defendant via her television. (Compl. ¶¶ II. B; III. B-C.) More specifically, Plaintiff claims that "various reporters from various channels can track if I am standing in front of my T.V., multiple channels, multiple news media." (Compl. ¶ III. C.) Plaintiff alleges that she is the owner/CEO of Christian Griskie, LLC, and that she has intermittently operated her business for eleven years as a "sports logo company" doing business as "BlackLine." (Compl. at 6.) Plaintiff explains that:

> [A]fter gaining limited international exposure, winning publishing awards and small town print and televised news and experience in the publishing industry through Operation Appreciation Press, LLC and the Golden Soldier Project 501(c)(3) and following 5 relocations due to the intentional bankrupting of Detroit, through the North American Free Trade Agreement, I Griskie, decided to run for public office in 2012 as a Republican, and

---

inconsistent information. See 15-CV-3186(JS)(AYS), Griskie LLC v. Big Machine Records; 15-CV-3192(JS)(AYS), Griskie v. Samsung, 15-CV-3196 (JS)(AYS); Griskie v. Disney Co.; and 15-CV-3276 Griskie LLC v. Atlantic Records. For example, the application in the instant case reports that Plaintiff has $7,000-$10,000 in a checking or savings account and does not report any debts. However, the applications submitted with her other Complaints report debts of $29,000-$30,000. In an abundance of caution, the Court will permit Plaintiff to proceed in forma pauperis in this case.

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

moved into my home on 52 Laurel Hill, Centerport, NY, changed my party to Democratic and after many failed attempts to find reasonable business rent on Long Island, New York, have justified running the business of Christin Griskie, LLC "Where ever I am." Prior to that the fall of 5/28/15, I lived at 34 Harbor Heights Drive, which was a location that was easily "viewable to the pubic" for 4 years.

I decided to finally diversify my business into multiple divisions one of which includes a research/investigation division, as I realize an unestimated historical amount of money was being made off my every move, locations, telephone calls, email, text, letter sent in the international media business, through stage names, movies and songs, while I was making NOTHING. While juggling responsibilities in the health care industry, publishing industry, and political industry, I have now had to evaluate which areas of my life need to be protected, mainly my privacy and security. "My business is where I am."

I am giving Samsung that information on a personal level because, when I placed my Samsung television in the center of my home during the end of 2014, I did not realize much of what I said could be heard or seen by others in the national media or otherwise.

Due to this massive invasion of privacy and my family and friends that wish to remain unnamed, and given the 9th amendment and the Bill of Rights, I should have been properly warned prior to opening the box on this monitor and placing it in the center of my home that I was giving more of my international leadership skills and personal security away to the world.

My every move has lined the pockets, of movie stars and singers, and national news media since 1996. However, the power of this television monitor has rivaled almost 20 years of

>     slower intel on my life. At times, the
>     broadcasted individual can track my movement.

(Compl. at 6.) Therefore, Plaintiff seeks to recover "$20 Billion in damages and 1% of all annual profits made by Samsung, its divisions or subsidiaries, following an immediate settlement date of June 28, 2015." (Compl. at 6.) Further, if the settlement is delayed beyond July 28, 2015, Plaintiff seeks to increase the amount to $25 Billion and 10% of all annual profits. (Compl. at 7.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  An LLC Cannot Appear Pro Se in Federal Court

As a threshold matter, it is well-established that a limited liability company ("LLC") "may appear in federal court only through a licensed attorney." Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007). This is true even where the corporation has a single shareholder. Lattanzio, 481 F.3d at 140 ("a sole member of a limited liability company must bear the burdens that accompany

5

the benefits of the corporate form and may appear in federal court only through a licensed attorney."). Thus, because an LLC is the sole Plaintiff in this action, it cannot proceed in this Court <u>pro se</u>. Accordingly, to proceed with this case, Plaintiff must retain an attorney. Nevertheless, the Court will at this juncture exercise its discretion and consider whether the claims asserted by Plaintiff are plausible.

IV. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)). Here, Plaintiff alleges that her "9th Ammendment & Right to privacy was invaded." (Compl. ¶ III. C.)

6

A.  <u>The Ninth Amendment</u>

The Ninth Amendment to the U.S. Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend, IX.  The Ninth Amendment "is a rule of construction that does not give rise to individual rights." <u>Zorn v. Premiere Homes, Inc.</u>, 109 F. App'x 475 (2d Cir. 2004) (citing <u>United States v. Bifield</u>, 702 F.2d 342, 349 (2d Cir. 1983)).  Thus, the Ninth Amendment does not provide a basis for a cause of action and Plaintiff's claim thereunder is not plausible as a matter of law.  Accordingly, Plaintiff's Ninth Amendment claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  <u>State Action</u>

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" <u>Hooda v. Brookhaven Nat'l Lab.</u>, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)).  Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." <u>Flagg v. Yonkers Sav. & Loan Ass'n</u>, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); <u>Fabrikant v. French</u>, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . .

required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as Defendant, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Defendant is a purely private entity that does not act under color of state law. Nor are there any factual allegations from which the Court could reasonably construe that

Defendant was a joint actor or conspired with a state actor. Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Defendant and it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here and concludes that it is not.

"An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Here, Plaintiff speculates that her television is monitoring her and that the information gathered about her from her television is being used for profit by others to her detriment.

9

(Compl. at 6-7.) Such allegations rise to the level of irrational, are wholly incredible, and do not set forth any cognizable claim. Accordingly, the Court DENIES LEAVE TO FILE AN AMENDED COMPLAINT.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, however the Complaint is <u>sua</u> <u>sponte</u> DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff and to mark this case CLOSED.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: June <u> 29 </u>, 2015
 Central Islip, New York